IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>DUSTIN WAYNE HAYES,   )<br>   )<br>   )<br>   )<br>   Defendant.   ) | Case No. CR-21-371-RAW |

## ORDER

Before the court is the defendant's motion for dismissal for pre-accusation delay. Defendant is charged with multiple counts involving alleged sexual abuse or sexual contact involving children. He seeks dismissal based upon (1) due process and (2) right to speedy trial.

The Supreme Court has held that, in cases involving pre-indictment delay, due process requires dismissal (even if the indictment is brought within the statute of limitations)[1] if the defendant can prove (1) that the government's delay in bringing the indictment was a deliberate device to gain an advantage over him and (2) that it caused him actual prejudice in presenting his defense. *United States v. Gouveia,* 467 U.S. 180, 192 (1984).

Defendant contends the first accusations against him were by J.H. on June 21, 2009. The indictment in this case was filed December 8, 2021. Defendant notes that during the

---

[1] The parties agree that the indictment was brought within the statute of limitations, which in a case of this type is "the life of the child, or for ten years after the offense, whichever is longer." 18 U.S.C. §3283.

intervening time period evidence has been destroyed and memories have faded. In response, the government notes that the defendant's argument focuses exclusively on the allegations of J.H., not addressing the three other victims in the indictment.[2] Additionally, that a trial in state court took place in February, 2020, but the resulting convictions were vacated in view of *McGirt v. Oklahoma,* 140 S.Ct. 2452 (2020). The government also contends that the destroyed evidence was as likely to aid the prosecution as the defendant.

In any event, defendant has made no demonstration that the delay was a deliberate device to gain an advantage over him. The motion for dismissal based upon due process will be denied.

Defendant's second argument involves his right to a speedy trial pursuant to the Sixth Amendment (as distinct from the Speedy Trial Act). A defendant's constitutional speedy trial right attaches when he is arrested or indicted on federal charges, whichever comes first. *United States v. Banks,* 761 F.3d 1163, 1181 (10th Cir.2014). The Sixth Amendment right to speedy trial is not triggered by prior state arrest or indictment. *See United States v. Allen,* 986 F.2d 1354, 1356 (10th Cir.1993).

Here, "the United States arrested and formally charged the defendant on November 22, 2021." (#65 at 5). The court must analyze a four-factor framework to determine whether a delay has caused a defendant to be deprived of his right to a speedy trial. *See Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). The factors are (1) the length of delay; (2) the reason

---

[2]The Superseding Indictment lists sixteen counts, but only Counts One, Two, and Three involve J.H.

for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. The first factor functions as a triggering mechanism, and the remaining three factors need only be assessed if the delay is long enough to be presumptively prejudicial. *United States v. Margheim,* 770 F.3d 1312, 1326 (10th Cir.2014).

Delays approaching one year generally satisfy the requirement of presumptive prejudice. *United States v. Batie,* 433 F.3d 1287, 1290 (10th Cir.2006). The government concedes this factor in the case at bar, but argues that the other factors weigh in favor of the government. The court agrees.

The trial date has been continued several times, but upon unopposed motions filed by the defendant requesting additional time to review evidence. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government; a more neutral reason should be weighted less heavily but should still be considered since the ultimate responsibility rests with the government. *Barker,* 407 U.S. at 531. This court weighs the second factor in the government's favor.

As to the third factor, it does not appear defendant raised his speedy trial right until the filing of the present motion. The court also weighs this factor in the government's favor.

Regarding the fourth factor, the destruction of evidence discussed above took place long before the federal arrest in this case. As the government notes, "the defendant has not shown how the delay from November 22, 2021, to December 6, 2022, has caused any specific memory loss." (#65 at 7). Again, this factor favors the government.

It is unusual that a criminal trial would take place in 2022 when the initial accusation was made in 2009, but the legal framework described above dictates denial of the present motion.

It is the order of the court that the motion of the defendant (#62) is hereby denied.

**ORDERED THIS 15th DAY OF NOVEMBER, 2022.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**